IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AHKIRA HARRIS, | Civil Action No. |
| Plaintiff, | |
| v. | |
| | JURY TRIAL DEMANDED |
| AMAZON.COM SERVICES LLC, | |
| Defendant. | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Ahkira Harris ("Plaintiff" or "Ms. Harris"), by and through undersigned counsel, and files her Complaint for Damages against Defendant Amazon.com Services LLC ("Defendant"), and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages for Defendant's violation of her rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et. seq.*

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 12117.

3.

Defendant does business in this judicial district.  Additionally, the unlawful employment practices alleged in this Complaint were committed within this district.  In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is a female citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

During the relevant time period, August 3, 2018, through July 30, 2020, Plaintiff was employed by Defendant.

6.

Defendant is licensed to conduct business in this district.

7.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq*., in that she had been employed with Defendant for more than 12 months and worked more than 1250 hours in the 12 months preceding her request for FMLA.

9.

During all times relevant hereto, Defendant has employed fifty or more employees, within a 75-mile radius of Plaintiff's employment, for the requisite requirements under the FMLA.

10.

Defendant may be served with process via its Registered Agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

## **FACTUAL ALLEGATIONS**

11.

Defendant hired Ms. Harris on August 3, 2019, to work in its Warehouse as a Sorter.

12.

On July 23, 2020, Ms. Harris became severely ill while at work.

13.

Ms. Harris notified her Manager, Hillary James, and was sent home.

14.

Ms. Harris was not scheduled to work July 24-25, 2020.

15.

On July 26, 2020, Ms. Harris sought medical attention at the local emergency room.

16.

Ms. Harris's mother went to the location where Ms. Harris worked to notify Defendant, via Ms. James, that Ms. Harris was unbale to work.

17.

Ms. James told Ms. Harris's mother that she would handle it and not to worry about it.

18.

Ms. Harris was discharged from the hospital on July 26, 2020 and given a return to work date of July 30, 2020.

19.

Over the next few days, both Ms. Harris and her mother attempted to contact Defendant concerning her leave status and anticipated return to work but was unable to reach anyone.

20.

Despite multiple emails and phone calls, Defendant never responded.

21.

On or about July 28, 2020, Ms. Harris attempted to speak to someone in person concerning her leave status and anticipated return to work, but was turned away by security due to the pandemic.

22.

On July 30, 2020, Defendant terminated Ms. Harris for job abandonment.

23.

Ms. Harris once again went to the warehouse but was told that HR was unavailable.

24.

Ms. Harris was eventually able to speak to HR employee Danielle Cesar on or about August 1, 2020.

25.

Ms. Cesar told Ms. Harris that she should not have been terminated and that she would have a chance to appeal to reverse the decision.

26.

Defendant then falsely accused Ms. Harris of missing other shifts that month and used this false allegation as a basis to uphold the termination decision.

27.

Ms. Harris had suffered a serious medical condition that resulted in a period of incapacity of at least three days and necessitated ongoing care.

28.

Defendant knew that Ms. Harris suffered a serious medical condition (internal infection) as protected by the Family Medical Leave Act, but never informed her of the right to take FMLA.

29.

But for this period of FMLA protected absence, Defendant would not have terminated Plaintiff.

30.

Defendant interfered with Plaintiff's rights under the Family and Medical Leave Act by terminating her employment while she was on medical leave for her own serious health condition.

31.

Defendant retaliated against Plaintiff for requesting medical leave by terminating her employment as a result of needing FMLA leave.

32.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

33.

Others outside the Plaintiff's protected class, i.e. employees not needing and/or requesting FMLA leave, were treated differently.

## CLAIMS FOR RELIEF

## COUNT I: FMLA INTERFERENCE

34.

Plaintiff re-alleges paragraphs 11-33 as if set forth fully herein.

35.

Defendant is an 'employer' as defined by the FMLA.

36.

Plaintiff was an eligible employee under the FMLA.

37.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding her request for medical leave pursuant to the FMLA.

38.

Plaintiff was employed by Defendant for more than 12 months.

39.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

40.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

41.

Plaintiff had a medical condition that required Plaintiff to take time off work.

42.

Plaintiff had a serious medical condition as defined by the FMLA.

43.

Defendant received notice of Plaintiff's need for protected medical leave for her medical condition on July 26, 2020.

44.

Defendant terminated Plaintiff's employment four (4) days later, even though she was qualified under the FMLA for such leave.

45.

Defendant terminated Plaintiff's employment as a result of her requests for medical leave, and/or to avoid having to accommodate Plaintiff's respective rights to protected medical leave.

46.

Defendant interfered with rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

47.

The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due to her solely because of her right to leave under the FMLA.

48.

As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

## COUNT II:  FMLA RETALIATION

49.

Plaintiff re-alleges paragraphs 11-33 as if set forth fully herein.

50.

Defendant is an 'employer' as defined by the FMLA.

51.

Plaintiff was an eligible employee under the FMLA.

52.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding her request for medical leave pursuant to the FMLA.

53.

Plaintiff was employed by Defendant for more than 12 months.

54.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

55.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

56.

Plaintiff had a medical condition that required Plaintiff to take time off work.

57.

Plaintiff had a serious medical condition as defined by the FMLA.

58.

Defendant received notice of Plaintiff's need for protected medical leave for her medical condition on July 26, 2020.

59.

Defendant failed to disclose to Plaintiff that she was eligible for medical leave under the FMLA.

60.

Defendant terminated Plaintiff's employment because of her request for medical leave, and/or to avoid having to accommodate Plaintiff's respective rights to protected medical leave.

61.

Defendant's termination of Plaintiff's employment was causally related to her attempt to exercise her rights to protected medical leave pursuant to the FMLA.

62.

Defendant's termination of Plaintiff's employment for alleged policy violations constitutes unlawful retaliation against Plaintiff for her attempt to exercise her rights to protected medical leave under the FMLA, in violation of 29 U.S.C. §2615(a).

63.

As a direct and proximate result of Defendant's unlawful retaliation against Plaintiff, Plaintiff has been damaged and is entitled to the relief set forth in the Prayer for Relief below.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff judgment as follows:

(a)          Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon,

(b)          Reasonable attorney's fees and expenses of litigation;

(c)          Trial by jury as to all issues;

(d)          Prejudgment interest at the rate allowed by law;

(e)          Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(f)          All equitable relief available under the FMLA, including injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(g)          All other relief to which she may be entitled.

Respectfully submitted the 26th day of May, 2021.

**BARRETT & FARAHANY**

 s/ *Adian R. Miller*
Adiam R. Miller
Georgia Bar No. 794647

*Attorney for Ahkira Harris*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
adian@justiceatwork.com